## WALTER et v ROSS

Ohio Appeals, 5th Dist, Richland Co

No 448.   Decided Nov 14, 1934

**OPINION**

By LEMERT, J.

A number of grounds of error are assigned in the petition in error, but the only grounds stressed in brief and oral argument are: first,—That the finding and judgment of the court below is against the manifest weight of the evidence.  With this contention we can not agree as the record before us shows ample evidence to justify the verdict rendered herein and we find no error in that regard.

On the second claimed ground of error, to-wit:   That the court refused to give special instructions requested by the plaintiffs in error before argument. §11420-1 GC provides:

Section 5:  "When the evidence is concluded either party may present written instructions to the court on matters of law and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

Sec 11447 GC confers upon parties to civil actions the right to have instructions, when presented in writing, given to the jury before argument if so requested, **provided the same be a correct statement of the law pertinent to one or more issues and applicable to the evidence adduced in the case.**

The record discloses that the defendant below presented to the court some seven separate and distinct requests to charge before argument. Complaint is especially made of request number seven because of the failure of the court to give that request before argument. Said request is as follows:

"Plaintiff, is suing on a contract of sale and I charge you that the plaintiff must establish by preponderance of the evidence the existence of a contract, that is, the minds of plaintiff and the defendants met upon what was to be sold and the price to be paid therefor, and if you find from the evidence that the plaintiff has failed to establish by preponderance of the evidence such contract, that is, a meeting of the minds of both plaintiff and defendants, as to all of the terms of such contract, then in such event the plaintiff is not entitled to recover against the defendants in this action."

We are of the opinion that it was not error in the court below to refuse said request for the reason that the only issue in the case was raised by the plaintiffs in error in their amended answer and cross petition. After admitting purchase of the stock, fixtures and good will of the pool room from the defendant in error for the agreed price of $1800.00 for the fixtures, and $242.00 for the stock and merchandise, and that they paid the defendant in error the sum of $852.00 on the purchase price and took and retained possession of the property and the premises at all times and agreed to pay the balance of $1190.00 due on the purchase price within ten days as alleged in the petition, they alleged in their amended answer and cross petition that in addition to the property transferred to them under the contract there was also to be transferred and conveyed to them a certain leasehold of the premises wherein the business was conducted and a certain deposit of $1200.00 which had been deposited by the defendant in error with the Citizens National Bank of Mansfield, Ohio. The plaintiffs in error in their cross petition prayed for damages because of the failure of the

defendant in error to transfer such lease and deposit to them, so that the only issue of fact raised in this case was whether or not the defendant in error agreed to transfer his deposit of $1200.00 in The Citizens National Bank to the plaintiffs in error, and this issue was presented to the jury for its determination, and the jury found in this issue in favor of the defendant in error.

We therefore are of the opinion that the assignments of error urged by plaintiffs in error herein are not well taken and it therefore follows that the judgment of the lower court will be, and the same is, hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.